D. D. Upchurch and James Arthur Redpath, as Executors of the Last Will and Testament of Elmer Lyons Hunter, deceased, v. Elmer Sargent Hunter, *et ux.*, June Rankin Hunter, a minor, May E. Redpath, *et vir., et al.*

155 So. 733.
Division B.
Opinion Filed June 23, 1934.

*Baker & Baker* and *Martin Sack,* for Appellants;
*Dillon Hartridge,* for Appellees.

BUFORD, J.—Elmer Lyons Hunter died in 1923 in Duval County, leaving a Last Will and Testament in which he designated D. D. Upchurch and J. A. Redpath as Executors and Trustees thereunder. They qualified and acted.

The Will, after stating certain bequests, contained the following language:

"The balance of my possessions, of whatsoever nature they may be after above deductions and payment of all legitimate debts, to be held in trust for my only son and heir,

Elmer Sargent Hunter, the income from which, or that part of it necessary, to be used for his maintenance and education until he is twenty-one years of age, when he reaches the age of twenty-one years, ten thousand ($10,000.00) Dollars to be paid to him to use as he sees fit, and at the expiration of five years after the date he is twenty-one years of age, Twenty Thousand ($20,000.00) Dollars additional to be paid him; and if at the end of ten years after he has become of age, or five years after he has received the Twenty Thousand Dollars, he has shown a tendency to be able to handle large amounts of money properly, or not inclined to make reckless or unsafe investments; one-half of the balance still on hand to be paid to him. After this last payment is made, I desire the balance remaining on hand to be set up as a trust fund, from which he can draw the income only after deducting administration expenses. This trust fund to be continued until his death, at which time he can make such disposition as he sees fit of it. If, at the age of twenty-one years (at which date it is provided above for payment of one-half of balance still on hand) he has not shown a tendency to properly handle, and has not made some progress with the money he has already drawn, then, instead of making this payment, I desire the entire amount on hand be set up as a trust fund instead of paying him half of it, and handled as above outlined. After making payments as above provided for at the age of twenty-one and twenty-six years of age, the income from the balance left is to be added to the principal, and not paid out, except for administration expenses, until the trust fund is set up. After this has been done he can draw the income after administration expenses are paid, semi-annually whether the trust fund be for the full amount on hand at the end of ten years after he is twenty-one years of age,

or one-half of the amount, as above provided for. In the event he is twenty-one years of age at the time of my death, then above payments to commence within four months from date of my death, the same as if he had reached the age of twenty-one after my death";

On the 4th day of March, 1930, the Executors and Trustees filed bill of complaint in the Circuit Court of Duval County in which they prayed a decree of Court construing the Will and directing them as to what disposition to make of the property. The bill showed that the bequest of $10,-000.00 had been paid to Elmer Sargent Hunter according to the provisions of the Will when he reached twenty-one years of age; and that $20,000.00 had been paid to Elmer Sargent Hunter according to the provisions of the Will when he became twenty-six (26) years of age. The bill alleged, amongst other things, the following:

"And your orators further allege that the Last Will and Testament of the testator provided that your orators should set up a trust fund of one-half (1/2) the assets of the estate upon the defendant, Elmer Sargent Hunter, becoming thirty-one (31) years of age, the income on such trust fund being payable to the defendant, Elmer Sargent Hunter, and the other one-half (1/2) should be paid over to the defendant, Elmer Sargent Hunter, upon his reaching the age of thirty-one (31) years, subject, however, to the proviso in the Will that if in the opinion of your orators the defendant, Elmer Sargent Hunter, had not shown a tendency to properly handle money and had not made any progress with the money already paid him, namely, the sum of Thirty Thousand Dollars ($30,000.00) your orators should set up a trust fund consisting of all the assets of said estate for his benefit as provided in the Will.

"Your orators would further allege that the defendant,

Elmer Sargent Hunter, has not shown a tendency to properly handle the money paid him and has made no progress in the art of investing or saving money. Your orators further allege that the defendant, Elmer Sargent Hunter, has wasted and spent said sum of Thirty Thousand Dollars ($30,000.00) already paid him, and has little or nothing left to show for the money he has already received. And your orators further aver that in addition to the Thirty Thousand Dollars ($30,000.00) paid the defendant by your orators, the defendant, Elmer Sargent Hunter, has received from the estate of his grandmother approximately Four Thousand Dollars ($4,000.00) and has also received the sum of Six Thousand Dollars ($6,000.00) as proceeds of a life insurance policy on the life of the testator, which policy named the defendant's, Elmer Sargent Hunter, deceased mother as beneficiary, and which policy he collected as the only child of his mother; all of which sums have been received by him since your orators have been appointed executors and have been spent by him, except the part hereinafter mentioned.

## "VI.

"And your orators further allege that said Will provided that the trust fund set up for the benefit of defendant, Elmer Sargent Hunter, should be continued until his death, at which time he could make such disposition of it as he saw fit to do; and said Will of the testator also provided that 'in the event of the death of my son and he leaves no heirs, my estate, that is the trust fund, should be divided between the defendants Mrs. May E. Redpath and Mrs. Nellie Cathcart in the proportions of three-fourths ($\frac{3}{4}$) to the former and one-fourth ($\frac{1}{4}$) to the latter, and subject only to certain minor legacies, and your orators further aver that the word 'heirs' as used in said Will was intended to

mean and did mean 'children' or 'issue'; and your orators further aver that the word 'heirs' as used in this place in said Will should be construed as 'children' or 'issue.'

"And your orators further aver that the defendant, Elmer Sargent Hunter, intermarried with one Mary E. Rankin on the 4th day of August, 1928, and on the 1st day of July, 1929, one child, a daughter, June Rankin Hunter, was born of this union, and such child is now living."

Complainants then averred in substance that it would be advantageous for defendant, Elmer Sargent Hunter, to have a trust set up of all the assets of the estate and not to wait until the defendant became thirty-one (31) years of age; that the trust so set up should provide for the income from the trust fund to be paid after costs of administration, to the defendant Elmer Sargent Hunter, during his lifetime and then to be paid to his children, if minors, until they reached their majority, and then to be distributed amongst them, as each reached majority, unless the defendant, Elmer Sargent Hunter, should dispose of the same by his last Will. And that the estate should otherwise be disposed of according to the provisions of the Will. They further averred in effect that unless the suggested arrangement could be made that Elmer Sargent Hunter would have no means to support his family and that the intentions of the testator would be defeated. Other allegations were made with reference to the corpus of the estate.

Then followed the prayer, which prayed that the court take jurisdiction of the parties; that the court authorize and direct the setting up of the trust provided for by the Will; that the Trustees be appointed and that their powers and duties, both as to the income and the corpus of the trust, be determined; certain definite provisions in regard to the

trust fund to be included in the order; and that the executors be discharged.

Answers were filed, the purport of the same being immaterial here.

On the 27th day of May, 1930, the court entered a final decree setting up the trust in which it was provided, amongst other things:

"4. That the defendant, Elmer Sargent Hunter, has not made any progress with the money already received by him and has shown no ability to handle large sums of money, and it is for the best interests of the defendants, Elmer Sargent Hunter, Mary R. Hunter and June Rankin Hunter, that a trust fund composed of the entire assets of the estate of Elmer Lyons Hunter now in the custody and control of the complainants, D. D. Upchurch and James Arthur Redpath, as Executors of his Last Will and Testament, be immediately established and the income therefrom, after payment of the expenses as hereinafter provided, be paid to said defendant Elmer Sargent Hunter. That this disposition of his estate is, under the circumstances proven clearly the intention of the said Elmer Lyons Hunter, deceased, as shown by his Last Will and Testament.

"5. That a trust fund of the entire assets of the estate of Elmer Lyons Hunter, deceased, be and it is hereby set up, created and established for and during the period of the natural life of the defendant, Elmer Sargent Hunter; that the Trustees hereinafter named shall pay the income from said Trust Fund to the defendant Elmer Sargent Hunter for and during the period of his natural life. The Trustees are hereby directed to estimate the annual income of the estate, and after making estimated deduction for expected expenses of administration and other costs, and also for contingent costs, shall pay the amount of such net

income to the defendant Elmer Sargent Hunter, in equal monthly payments, and shall on or before February first of each year hereafter pay to him any overage or excess income over the amount already paid him. The fiscal year of this trust shall be the calendar year.

"6. The defendant Elmer Sargent Hunter shall have the right to dispose of the corpus of the Trust Fund by Last Will and Testament; but if he shall die intestate with lawful issue him surviving, the Trustees are hereby authorized and directed to pay over the entire corpus of the Trust Fund to June Rankin Hunter and such child or children that the defendant Elmer Sargent Hunter may have, either born of his present marriage or of a subsequent marriage, and distribute the corpus of said estate to said child or children, share and share alike. In the event any child of the said defendant Elmer Sargent Hunter shall die before him, leaving a child or children him or her surviving, then such child or children shall take the interest of his parent *per stirpes* and not *per capita*."

The decree became absolute. Thereafter, on August 9th, 1933, Mary R. Hunter filed a petition in the cause in which she alleged that the Trustees were then paying to Elmer Sargent Hunter the sum of $100.00 per month on the first day of each month; that the petitioner is the wife of said Hunter and that Elmer Sargent Hunter and Mary R. Hunter were then living separate and apart and that under and by virtue of a certain decree of the Circuit Court in and for Duval County in a cause entitled Mary Rankin Hunter v. Elmer Sargent Hunter which was a bill for divorce, the court ordered Elmer Sargent Hunter to pay the petitioner the sum of $60.00 per month for herself and her minor child, June Rankin Hunter, and ordered that he pay the attorneys for Mary R. Hunter in the said cause the sum of $150.00,

payable $25.00 per month, together with costs of maintaining the suit and together with stenographer's costs of $28.00; that the said decree was entered on August 1, 1933; that Elmer Sargent Hunter had received $100.00 from the trustees but did not pay any of said money to his wife and child as required by the decree to do. With other allegations, she prayed the court to enter an order directing the trustees to pay $85.00 per month so ordered to be paid direct to her and that they further be ordered to turn over the whole sum of $100.00 per month to her until the $60.00 which was due and owing under the former order of the court should be paid.

Objections were filed to the petition which were overruled and the court made an order in compliance with the terms of the petition, the order being made on August 24, 1933.

On September 9th, Mary R. Hunter, through her solicitor, presented a petition for rule to show cause, alleging that the order of the court theretofore made had not been complied with. Rule *nisi* was issued and the trustees filed their report and upon consideration of the same the court made the following order:

"This cause coming on to be heard, on a petition for a rule to show cause heretofore filed herein and the answer thereto and the same having been argued by counsel and the court being fully advised in the premises, finds: that the Trustees D. D. Upchurch and Arthur Redpath are in contempt of court, by reason of their failure to comply with that certain order of court heretofore entered in this cause on the 24th day of August, A. D. 1933. Recorded in Chancery Order Book 160 at page 74.

"It is thereupon ordered, adjudged and decreed that D. D. Upchurch and Arthur Redpath as Trustees of the estate of Elmer Lyons Hunter under that certain decree of this

court in this cause dated 27th day of May, A. D. 1930, do within three days of the entry of this order comply fully with the order heretofore entered herein dated the 24th day of August, A. D. 1933. Recorded in Chancery Order Book 160 at page 74.

"Done and ordered at Jacksonville, Florida, this 11th day of December, 1933."

Later the order was modified to allow fifteen days in which to comply with the terms thereof. From this order appeal was taken.

It is contended here that the order of the court requiring moneys to be paid over to the solicitor for Mary R. Hunter will result in the necessity of the payment of the amounts required being made in part from the corpus of the estate because the income is insufficient to pay the amount required to be paid.

The original decree which set up the trust became absolute and placed the corpus of the estate beyond the reach of Elmer Sargent Hunter, as well as beyond the reach of any person who might seek the same to satisfy obligations due from Elmer Sargent Hunter. And if to require the payment of the sums mentioned in the decree of August 24, 1933, will necessitate the trustees taking a part of the money with which to pay the sum from the corpus of the estate then the decree is in conflict with the former decree setting up the trust and to that extent is erroneous.

From the state of the record, we cannot say that it is made clearly to appear that complying with the decree of the court of August 24, 1933, will result in the corpus of the estate and principal of the trust fund being depleted. Appellants have not made it clearly to appear that the decree of August 24, 1933, appealed from will result in a depletion of the corpus or principal of the trust fund and, therefore,

the decree appealed from should be affirmed, without prejudice, however, for the same to be modified by order of the chancellor at any time when it may appear that to continue to comply therewith, or that a compliance therewith will necessitate depletion of the corpus or principal of the trust fund. If it should be shown that the income from the trust estate is insufficient to meet the payments as required by the decree of August 24, 1933, then the trustees may make such showing before the chancellor and procure such further order as to the chancellor may appear meet and proper and not violative of the terms and conditions of that decree heretofore referred to of May 27, 1930.

Affirmed and remanded without prejudice that further proceedings may be had not inconsistent with the views herein expressed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.